NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VARDOUI KALADJIAN; et al.,

                Petitioners,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No.   16-73401

Agency Nos.   A070-927-556
                   A070-927-557
                   A070-927-558
                   A070-927-559

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

     Vardoui Kaladjian, Arman Barsegian, Mariam Feroian, and Silva Feroian,

natives and citizens of Armenia, petition for review of the Board of Immigration

Appeal's order dismissing their appeal from an immigration judge's order denying

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2). Petitioners' request for oral
arguments, raised in their opening brief, is denied.

their motion to reopen deportation proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying as untimely petitioners' second motion to reopen based on ineffective assistance of counsel, where they filed it more than nine years after their final order of deportation, and they failed to show due diligence for equitable tolling of the 180-day filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

We lack jurisdiction to review the agency's decision not to reopen sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error."). The record does not support petitioners' contention that the agency failed to consider evidence, and thus they do not raise a colorable legal or constitutional claim to invoke jurisdiction. *See id.*; *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). Petitioners' contention regarding our jurisdiction over the denial of sua

sponte reopening is foreclosed. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) ("no significant changes" occurred since *Ekimian v. INS*, 303 F.3d 1153 (9th Cir. 2002) that would allow the court "to find a sufficiently meaningful standard, and allow us to review sua sponte reopening").

Petitioners' request for fees under the Equal Access to Justice Act is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**